WILSON J. McNEILL, Aᴅᴍɪɴɪsᴛʀᴀᴛᴏʀ ᴏғ ᴛʜᴇ Esᴛᴀᴛᴇ ᴏғ
RICKY McDOUGALD v. AVERY BULLOCK.

(Filed 14 January, 1959.)

**1. Automobiles § 34—**

    It is the duty of the operator of a motor vehicle to use ordinary care
    to avoid injury to a child of tender years, even when the vehicle is be-
    ing operated on private property away from a public highway or street.

**2. Automobiles § 41m—**

    Plaintiff's evidence tended to show that his intestate, a twenty-months-
    old child, was playing in the yard near defendant as defendant was re-
    pairing his car, that the child was called into the house for his bath,
    that while his bath was being prepared the child must have gone out-
    doors, and that defendant, in backing his car thereafter to test the
    brakes, ran over and killed the child. *Held:* Nonsuit was proper in the
    absence of any evidence tending to show that defendant saw the child
    after the child was called into the house.

Aᴘᴘᴇᴀʟ by plaintiff from *Bone, J.*, August Civil Term, 1958, of
Rᴏʙᴇsᴏɴ.

This is an action in which the plaintiff seeks to recover for the
alleged wrongful death of a twenty-months-old child, Ricky Mc-
Dougald, who made his home with the defendant and his wife, who

were tenants on plaintiff's farm at Parkton, in Robeson County, North Carolina. The child was not any blood kin of either the defendant or his wife, nor had he been adopted by them.

On 6 July 1957, about 6:30 in the afternoon, the defendant was working on his 1953 Plymouth automobile. The car was parked in the yard of his home, several hundred yards from a public highway. Included in the work on the car was the adjusting of brakes, necessitating defendant lying on the ground while he did the work. Plaintiff's intestate was playing all around the defendant while he was working on the car, and actually played on defendant's back and stomach while defendant was lying on the ground. Lena Bullock, wife of the defendant, testified that she called the deceased into the house to get his bath; that he came into the house, and while she went to light the stove to heat the water to give him a bath, the child must have gone outdoors, for Avery (the defendant) called her about five minutes later and the child had been run over and fatally injured.

The plaintiff testified that the defendant told him he was busy working on his brakes and started to back up and he felt a bump and got out to see what it was and he had backed over the child. The child died on the way to the hospital.

The defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*Britt, Campbell & Britt for plaintiff.*
*Varser, McIntyre, Henry & Hedgpeth for defendant.*

PER CURIAM. Even though a motor vehicle is operated on private property and away from a public highway or street, it is the duty of the operator thereof to exercise ordinary care to avoid injury to a child of tender years. 60 C.J.S., Motor Vehicles, section 349 (3) page 821.

In the instant case, however, there is no evidence tending to show that the defendant saw the plaintiff's intestate after the child went into the house for the purpose of being bathed. Did the defendant know the child had been called to come in the house to get his bath? If so, did the defendant know that the child had left the yard in response to such call? Since the record is silent in respect to such matters, and there is no evidence tending to show that the defendant knew the child was in the yard at the time he backed his car over the child, in our opinion the evidence is insufficient to establish actionable negligence on the part of the defendant.

The ruling of the court below in sustaining the defendant's motion

14 — 249

for judgment as of nonsuit will be upheld.

Affirmed.